# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **George Pantozopoulos** and **John Sotiropouolos,**  Plaintiff, vs. **Two Peters, LLC., d/b/a as Global Gyros.,** **Peter Kanavos and** **Peter Bartzis** Defendants. | ) ) ) **Case No.** 19 CV -2512 ) ) ) **Honorable** )**Magistrate Judge** ) ) ) ) ) ) ) ) |

## COMPLAINT

NOW COMES before this Honorable Court the Plaintiffs, **George Pantozopoulos and John Sotiropouolos,** ("Plaintiffs"), by their attorneys THE LAW OFFICE OF JOHN IRELAND and the Law Office of Barbara Bell for their Complaint against the Defendants **Two Peters, LLC., d/b/a as Global Gyros**., (hereinafter referred to as "Global") and Individual Defendants **Peter Kanavos and Peter Bartzis** and alleges as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiffs who seek redress for the Defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq. and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ).

2. Plaintiffs were employed by the Defendants as employees.

3. Plaintiffs were misclassified as salaried employees, and by that misclassification not paid for overtime rate of pay for hours worked in excess of forty hours, in violation of the Fair Labor Standards Act ("FLSA").

4. Plaintiffs worked hundreds/thousands of hours of overtime yet Plaintiffs were not paid for those work hours at an overtime rate of pay.

5. Upon information and belief, Defendant Global is a corporation with its operations in Schaumburg, Illinois. It is a seller of food and beverages.

6. **Peter Kanavos and Peter Bartzis are** employers under the FLSA, IMWL and IWPCA based on their role in the Defendant corporation, in that they had day-to-day control over all the company's operations including compensation of the employees including the Plaintiffs.

7. **Peter Kanavos and Peter Bartzis** were aware and knowledgeable of the hours Plaintiffs were working, and that Plaintiffs were not classified as "exempt" but also aware that Plaintiffs had little to no exempt job duties and thus were not paid overtime wages. Peter Bartzis also hired Plaintiffs, and/or Peter Kanavos reviewed and agreed with that hiring decision.

8. Peter Kanavos and Peter Bartzis were also responsible for paying or approving the pay of the Plaintiffs.

**JURISDICTION AND VENUE**

9. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal

jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

## INDIVIDUAL FLSA COVERAGE

10. Plaintiffs allege individual FLSA Coverage.

11. Defendants are also covered under individual coverage of the FLSA.

12. Even when there is no enterprise coverage, employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

13. Here Plaintiffs sold products to ultimate consumers that traveled in commerce.

14. The items that Plaintiffs sold included tomatoes, lettuce, cheeses, hummus, vegetables, meats and other food ingredients which are not products produced in Illinois, thus they traveled in Commerce and were sold by Defendants to the ultimate consumer.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

### GENERAL ALLEGATIONS

16. This lawsuit arises out of Defendants' practice of knowingly and willfully misclassifying Plaintiffs thus failing to pay overtime work hours for those weeks when the Plaintiffs worked more than 40 hours in a particular week at an overtime rate of pay.

17. Plaintiffs' employment contracts called for Plaintiffs to be paid $1,000.00 per month.

18. Defendants paid $1,000 per month via cash and/or non-payroll checks.

19. Plaintiffs were employed by the Defendants from January 1, 2018 to July 15, 2018.

20. At all times relevant, GLOBAL was an employer, as defined by the FLSA and Illinois state law.

21. Defendant GLOBAL is engaged in interstate commerce as that term is used in the FLSA.

22. During the course of his employment with Defendant, the Plaintiff routinely worked in excess of 40 hours per week.

23. Plaintiffs are entitled to actual and liquidated damages for Defendant's actions.

24. Plaintiffs did not have any exempt job duties, as the Plaintiffs did not hire and fire or supervise employees.

25. Plaintiffs also did not have sufficient exempt job duties, if they had any such duties at all.

26. Plaintiffs' exempt job duties, if they had any, were not the predominate work duties, thus the Defendants misclassified the Plaintiffs' as Salaried and/or Exempt, when the Plaintiffs should have been paid hourly and paid overtime rate of pay.

27. Plaintiffs worked nearly every week over forty (40) hours.

28. As a single example of this overtime work, for the week of January 2-7, 2018, both Plaintiffs worked approximately 80 hours. They were scheduled to work 40 hours or 8 hours each day, but Plaintiffs worked 40 hours of overtime each for this single example week.

**COUNT I**
**AGAINST ALL DEFENDANTS**
**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

MISCLASSIFICATION

29. Plaintiffs re-allege and incorporate by reference all the above allegations including paragraphs alleging individual liability.

30. Under the FLSA, the Plaintiffs were entitled to be paid overtime for all hours worked over 40 in a given work week and for all hours worked.

31. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

32. Defendants failed to compensate the Plaintiffs at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA and/or for all hours worked.

33. Defendants' violation of the FLSA for failure to pay the Plaintiffs' wages was willful and deliberate.

34. Upon information and belief, Defendant's practices were not based upon Defendants review of any policy or publication of the United States Department of Labor.

35. Due to Defendants' violations of the FLSA, the Plaintiffs are entitled to recover from Defendants unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## AGAINST ALL DEFENDANTS

### FAILURE TO PAY OVERTIME WAGES UNDER ILLINIOS LAW

36. Plaintiffs repeat and re-allege the above paragraphs.

37. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

38. Defendants failed to pay the Plaintiffs for overtime hours worked and/or for all hours worked.

39. The foregoing actions of Defendants constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendants' actions were willful and not in good faith.

40. Defendants are liable to the Plaintiffs for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this Court grant the following relief:

a. Award all actual damages suffered by the Plaintiffs;

b. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

c. Award the Plaintiff damages in the amount of overtime wages required by the FLSA and the IMWL improperly denied him by Defendants' actions;

d. Award liquidated damages equal to Plaintiffs unpaid overtime compensation under the FLSA;

e. Award the Plaintiffs prejudgment interest pursuant to the IMWL;

g. Award the Plaintiffs post-judgment interest;

h. Award the Plaintiffs reasonable attorneys' fees as well as the costs of this action;

i. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## **THIRD CLAIM**

### AGAINST ALL DEFENDANTS
### VACATION Claim
### Under Illinois Wage Payment and Collection Act "IWPCA"

41. Plaintiffs realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

42. Plaintiffs were employed by Defendants.

43. It is and was at all relevant times, Defendant offered two weeks paid vacation and Plaintiff accepted the offer of a paid two-weeks vacation.

44. Defendants, without notice to Plaintiffs, failed to pay the Plaintiffs the earned vacation wages

45. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

46. This cause of action arises out of employment contracts or agreements; written and/or oral.

47. The named Plaintiffs were employed by Defendants.

48. Plaintiffs were not independent contractors, rather were employees of the Defendants by oral agreement and/or written contract.

49. Plaintiffs employment was in the usual course of business for which such service is performed.

50. Plaintiffs do not possess a proprietary interest in the Defendants.

51. The Defendants are "employer" under the terms of the IWPCA section 2.

52. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

53. Individual Defendants are named as an employers, as they knowingly permitted violations of the IWPCA, based on the failure to pay promised and owed vacation pay.

54. Compensation originating from company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this Court grant the following relief:

a. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

b. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

c. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1;

d. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

e. Consequential damages;

f. Additional compensation/penalty due to the Plaintiffs in accordance with Section 14(b) of the IWPCA in the amount of 2% per month due under the IWPCA for the delay in payment of due wages;

g. and costs of this action; and

h. Such other relief as this Court shall deem just and proper.

Dated: March 12, 2019  Respectfully submitted,

_____/S/John C. Ireland

John Ireland
THE LAW OFFICE OF JOHN C. IRELAND
636 Spruce Street
South Elgin, IL 60177
Telephone: (630) 464-9675
Facsimile 630-206-0889
attorneyireland@gmail.com

And

Barbara J. Bell
Attorney at Law
121 S. Wilke Road, Suite 301
Arlington Heights, IL 60005
Tel: (847) 367-4253
Fax: (847) 557-1281